IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

PAUL DAVID MAZE,

   Plaintiff,

vs.            No. 07-2557-JDB/dkv

JENNIFER HENLEY, et al.,

   Defendants.

_____

ORDER TO CORRECT DOCKET TO REFLECT PROPER DEFENDANTS
ORDER DENYING MOTION OF DYER COUNTY SHERIFF'S DEPARTMENT
TO DISMISS AS MOOT (DOCKET ENTRY # 4)
ORDER DENYING MOTION TO HOLD IN ABEYANCE AS MOOT (DOCKET ENTRY #6)
ORDER OF PARTIAL DISMISSAL
ORDER DIRECTING PLAINTIFF TO EFFECT SERVICE ON HENLEY AND BELL
AND
ORDER DIRECTING PLAINTIFF TO UPDATE ADDRESS AND COMPLY WITH RULES

_____

Plaintiff, Paul David Maze, filed a pro se complaint in the Dyer County Circuit Court against Jennifer Henley, Misty Bell, Greg Barr, the Dyersburg State Gazette, City of Newbern, City of Dyersburg, and Dyer County.[1]

---

[1] Plaintiff named the Newbern City Police Department, the Dyersburg City Police Department, and the Dyer County Sheriff's Department as defendants. As governmental departments are not suable entities, the Court construes the claims against the City of Newbern, the City of Dyersburg, and Dyer County. See generally Hafer v. Melo, 502 U. S. 21 (1991). The Clerk shall correct the docket to reflect that the City of Newbern, the City of Dyersburg, and Dyer County are the Defendants and not the respective police and sheriff's departments.
  On September 19, 2007, the Dyer County Sheriff's Department filed a motion to dismiss because it is not a suable entity. Despite the payment of the filing fee upon the removal of this action, Plaintiff's complaint is a pro se complaint subject to screening under 28 U.S.C. § 1915(e)(2). No motion was required because the Court construes that claim against Dyer County, a suable entity. The motion to dismiss (docket entry #4) is DENIED as MOOT.
  Plaintiff also named "John Doe" defendant. It is well settled that a complaint cannot be commenced against fictitious parties. Bufalino v. Michigan Bell Tel. Co., 404 F.2d 1023, 1028 (6th Cir. 1968); see also Cox v. Treadway, 75

Maze contends that Defendant Henley filed a false police report against him and defamed him. Maze claims that he was arrested and charged with rape based upon Henley's defamatory statements. The Plaintiff alleges that Defendant Barr, a Newbern City police officer, issued the warrant for his arrest with no supporting evidence or investigation and issued a press release stating the Maze was armed and dangerous. According to the complaint, Barr shared Henley's defamatory charges with the City of Dyersburg police department and Dyer County sheriff's department. The Plaintiff sues Defendants Dyer County and the City of Dyersburg for leaking defamatory and false information to the press. He contends that his life was endangered by the actions of Defendant Barr, who Maze states did not interview or arrest him until after the defamatory statements were published by Defendant Dyersburg State Gazette. The Plaintiff maintains that the Defendant Dyersburg State Gazette published defamatory and false statements made by all Defendants. After Henley recanted her story and charges, Maze asserts, the rape charge filed against him was dismissed.

Because the Plaintiff alleges a violation of his civil rights, Barr and the City of Newbern, with the consent of all Defendants who have been served, filed a notice of removal pursuant to 28

---

F.3d 230, 240 (6th Cir. 1996) (explaining that a claim naming fictitious "John Doe" defendants does not commence an action and that a subsequent amendment identifying the defendants cannot relate back under Rule 15). The Clerk is ordered to delete all references to the John Doe Defendants from the docket.

U.S.C. §§ 1446(c), requesting this Court to exercise jurisdiction over the federal claims as well as the state law claims.

On October 2, 2007, Maze filed a motion to hold the case in abeyance due to his impending release from prison on or about October 27, 2007. That date has passed and the Tennessee Department of Correction website reveals that Maze is currently on parole under the supervision of the Dyersburg Probation and Parole Office. Because Plaintiff has been released, the motion to hold the case in abeyance is DENIED as MOOT.

The Court is required to screen prisoner complaints[2] and to dismiss any complaint, or any portion thereof, if the complaint—

>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits. 42 U.S.C. § 1997e(c)(2).

A local governmental entity, such as a city or county, "is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the [county] itself is the wrongdoer." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992). See also Jett v. Dallas

---

[2] Plaintiff was incarcerated at the time he filed this complaint, therefore, his complaint is subject to screening under these provisions.

Independent School District, 491 U.S. 701, 726-29 (1989)(discussing history of civil rights statutes and concluding that Congress plainly did not intend to impose vicarious liability on counties, municipalities or other local governmental bodies); City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)(rejecting simple vicarious liability for municipalities under § 1983); City of St. Louis v. Praprotnik, 458 U.S. 112, 122 (1988)(interpreting rejection of respondeat superior liability by Monell, 436 U.S. at 691, as a command that "local governments . . . should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)(same); Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir. 1997)(rejecting claims against city and county and holding that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality", citing Pembaur). Plaintiff's allegations of allegedly unconstitutional conduct by Defendants Dyer County, the City of Dyersburg, and the City of Newbern do not support an inference that Maze was harmed by an unconstitutional custom or policy of the cities or county.

Thus, the claims against Dyer County, the City of Dyersburg, and the City of Newbern fail to state a claim upon which relief may

be granted and those claims and Defendants are, therefore, DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Defendants Jennifer Henley and Misty Bell were not served with process before the removal of this action. Therefore, within thirty (30) days of the date of entry of this order, Plaintiff shall personally appear at the Clerk's office and, upon presentation of a copy of this order, the Clerk shall provide Plaintiff with two (2) blank, unsigned summons for service on Henley and Bell. Pursuant to Fed. R. Civ. P. 4(b), Maze is responsible for properly filling out the summonses and presenting them to the Clerk for signature and seal. If the summonses are in proper form, the Clerk shall sign, seal, and issue them to Plaintiff for service on Henley and Bell.

Maze is also responsible for ensuring that service is effected on Henley and Bell pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[3] He shall file proof of service pursuant to Fed. R. Civ. P. 4(*l*). Plaintiff is advised that the time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order.

It is further ORDERED that Plaintiff shall serve a copy of every document filed in this cause on the attorneys for Defendants

---

[3] Maze also must comply with Rule 4(c)(2), which requires, in part: "Service may be effected by any person who is not a party and who is at least 18 years of age."

or on any Defendant who has no attorney. He shall make a certificate of service on every document filed and shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

Maze shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute without further notice.

IT IS SO ORDERED this 27th day of March, 2008.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE